Bolin, Petitioner, Petition for a Writ of Habeas Corpus, In re.

Ohio Appeals, Tenth District, Franklin County.

No. 6635.   Decided December 20, 1960.

*Mr. Harry R. Illman,* for petitioner.
*Mr. Mark McElroy,* attorney general, and *Mr. Aubrey A. Wendt,* assistant attorney general, for respondent.

Duffey, J.   This action is a petition for a writ of habeas corpus by James O. Bolin, an inmate of the Ohio Penitentiary, under sentence from Lucas County.   The pertinent portion of his indictment reads:

"* * * on or about the 19th day of July, 1960, in the night season of said day, in Lucas County, Ohio, unlawfully at-

tempted to forcibly and maliciously break and enter the offices of the Credit Union belonging to the New York Central Railroad System Employees, with intent to steal, - - - contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.''

No evidence was submitted with respect to when or how the words ''Employees, with intent to steal, - - -'' were placed in the indictment. It must be assumed by this court that the words were a part of the original indictment. Cf. *John Boose* v. *The State of Ohio* (1885), 10 Ohio St., 575, with *D. W. Horsley, Jr.,* v. *R. W. Alvis, Warden, Ohio State Penitentiary* (C. A., 6th Cir., 1960), 281 F. (2d), 440.

Section 2907.10, Revised Code, reads as follows:

''No person shall in the night season maliciously and forcibly * * * attempt to break and enter * * * building * * * with intent to steal property of any value, or with intent to commit a felony.''

Petitioner contends that ''property of any value'' is an essential ingredient of the crime, and that the mere statement ''attempt to steal'' does not sufficiently allege that ingredient. Reliance is placed on *State* v. *Cimpritz* (1953), 158 Ohio St., 490. In that case the indictment alleged that the defendant ''* * * did unlawfully attempt to break and enter * * *.'' The court held that the element of ''maliciously and forcibly'' was an essential ingredient of the crime, and the indictment was void. The curative statutes, now Sections 2941.29 and 2941.30, Revised Code, were held to apply only to indictments which as drawn are sufficient.

Section 2941.07, Revised Code, authorizes certain forms for specified crimes. The sixth form is as follows:

''Attempt. A. B. unlawfully attempted to forcibly and maliciously break and enter a building belonging to C. D. in the night season, with intent to *steal* or commit a felony.'' (Emphasis added.)

Petitioner argues that the form does not authorize the omission of the phrase ''or commit a felony.'' Section 13437-6, General Code, from which the Revised Code Section was taken, provided

''* * * with intent to steal or commit a felony (*as the case may be*).'' (Emphasis added.)

Therefore, both as a matter of historical context and by virtue of Section 1.24, Revised Code, the form authorized must be read in the disjunctive, and under the statute either or both phrases may be used.

In the absence of the form statute, there would be some force to petitioner's contention that at least the word "property" must be stated in the indictment. See *John Boose* v. *State, supra.* It may also be conceded that at some point constitutional limitations restrict the legislature's ability to authorize short forms. However, this court cannot say that the legislature acted unconstitutionally in authorizing this form. The phrase "intent to steal" in the context of an allegation of malicious and forcible breaking and entering of a building in the night season reasonably imports that the theft would be of "property of any value."

It should be noted that in the *Cimpritz case* the indictment did not comply with the form authorized by Section 2941.-07, Revised Code, and the Supreme Court did not pass on the validity of the form.

The petitioner having confined his proof and argument to that portion of the indictment, the writ is denied.

BRYANT, P. J., and DUFFY, J., concur.